**Thomas Stylianos, Jr.**
Law Office of Thomas Stylianos
287 Appleton Street # 205
Lowell MA 01852
Tel: 978-459-5000, Fax: 978-459-3079
Email: tom@stylianoslaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANUCH SEN OUK, and<br>CHANTHA SEANG,<br><br>        Plaintiffs<br><br>vs.<br><br>ANTONY BLINKEN, United States Secretary of State;<br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security.<br>UR MENDOZA JADDOU, Director of the U.S. Citizenship & Immigration Service and<br>JOHN M ALLEN, Director of the USCIS Texas Service Center,<br><br>        Defendants | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1) MANDAMUS**<br>**2) RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT** |

    By and through their undersigned counsel, Plaintiffs ANUCH SEN OUK and CHANTHA SEANG ("Plaintiffs") bring this action against Defendants ANTONY BLINKEN, United States Secretary of State; ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; UR MENDOZA JADDOU, Director of the U.S. Citizenship & Immigration Service and JOHN M ALLEN, Director of the USCIS Texas Service Center ("Defendants").

///

1

COMPLAINT

# I.  INTRODUCTION

Anuch Ouk and her husband, Chantha Seang, have now been waiting for **63 months since Anuch first filed a petition for Chantha**. In more recent history, United States Citizenship and Immigration Service ("USCIS") served a Notice of Intent to Revoke ("NOIR") the marriage based visa on 20-Oct-2021. Anuch timely filed a response to their NOIR consisting of 270 pages in the main exhibits and 1120 pages of communications logs. The response was timely delivered to USCIS on January 21, 2022. Even with the passage of nearly 1 year, there has been no response from USCIS.  Anuch and Chantha ask that the court order the USCIS to promptly enter a decision in this long delayed application, so the couple may enjoy their life together in the United States.

The Plaintiffs and the matter at issue are further identified as follows: Anuch S. Ouk, A US Citizen having a USCIS File Number A 059 656 723; Chantha Seang, Spouse of Plaintiff Ouk, a Cambodian Citizen having a USCIS File Number A 216 018 351; the matter at issue being identified with a Department of State Case Number of  PHP2019803002 and a USCIS Case Number of SRC1990083356.

# II. PARTIES

1. The Plaintiff Anuch Sen Ouk is a Naturalized Citizen and resident of the United States. Plaintiff Ouk resides at 6400 Obispo Avenue, Long Beach California 90805. She is of full legal age.
2. The Plaintiff Chantha Seang is a citizen and national of Cambodia.  He resides in Cambodia at No. C32, Borey Romchek Stret, Kauk Banteay Billage, Sangkat Prey Sar, Khan Dangkor, Phnom Penh Cambodia.  He is of full legal age and is married to Ms. Anuch S. Ouk.

3. The Defendant Antony Blinken is the Secretary of State and is responsible for the operation of the State Department, including, but not limited to, the Consular Officers and others located in Phnom Penh Cambodia and the National Visa Center. The Secretary of State service address is: Secretary of State Antony J. Blinken, Executive Office of the Legal Adviser, U.S. Department of State, 600 19th Street NW, Suite 5.600, Washington D.C. 20522.

4. The Defendant Alejandro Mayorkas is the Secretary of the Department Homeland Security, and this action is brought against him in his official capacity. He is generally charged with the adjudication of applications for benefits filed pursuant to the Immigration & Nationality Act. His service address is: Hon. Alejandro Mayorkas, Secretary, Dep. Homeland Security, Office of the General Counsel, 2707 Martin Luther King, Jr. Ave SE, Washington D.C. 20528-0485.

5. The Defendant Ur Mendoza Jaddou is the director of the U.S. Citizenship & Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS. She is generally charged with the adjudication of applications for benefits filed pursuant to the Immigration & Nationality Act (INA). His service address is: Hon. Ur Mendoza Jaddou, Director of USCIS, Office of the Chief Counsel, 20 Massachusetts Ave, NW, Rm 4210, Washington, D.C. 20529.

6. The Defendant John M Allen is the Director of the USCIS Texas Service Center and is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with supervisory authority over all operations of the USCIS within his/her Service Center. He/she is responsible for the review of petitions which have been returned to the Texas Service enter

by the U.S. State Department, after visa refusals. His business address is John M. Allen, Director, USCIS Service Center 6046 N Belt Line Road, Ste. 172, Irving Texas 75038.

### III. JURISDICTION

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs' claims arise under the Constitution and the laws of the United States, including, the Fifth Amendment to the U.S. Constitution, various provision of Title 8 U.S.C. § 1101 et seq. (Immigration & Nationality Act, "INA") and applicable regulations, policies and procedures arising thereunder, and the provisions of 5. U.S.C. § 552. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); and under 5 U.S.C. § 701 et seq. (Administrative Procedure Act) as Plaintiffs are aggrieved by a failure of the defendants to act within a reasonable period of time to act upon their respective applications.

### IV. VENUE

8. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Plaintiff is located. Venue is proper in the Central District because a Plaintiff resides within the Central District catchment area.

### V. FACTS

9. The Plaintiffs Ouk and Seang met through a friend in 2016. At the time of their first in-person meeting in 2017, Anuch was still married, although she had physically separated from her first husband in October 2016.

10. **Anuch and Chantha first met in person in January 2017**. They liked eachother and March 2017, Chantha asked Anuch to marry him. They knew that they had to wait until Anuch's

divorce was final. As soon as Anuch's divorce was final, she **filed a Fiance petition for Chantha on 05-Sep-2017**. Waiting for the interview appointment, they spent a lot of time together. Finally, **on July 12, 2018 they were interviewed on Chantha's fiancé visa petition and it was denied**. They married in a marriage that was legally registered on September 3, 2018. **Anuch petitioned – the present petition – for Chantha on November 15, 2018**.

11. Incidental to the process and required by the Government, the Plaintiff Ouk duly filed and paid a filing fee to USCIS for a visa petition for her spouse Mr. Seang. Further an Immigrant Visa application for Mr. Seang was duly filed and a fee paid.

12. That **Marriage Based Petition was approved on 10-Sep-2019** and Chantha was interviewed **on 24-Nov-2020**. This time, as the State Department lacks authority to deny an Immigrant Visa, they **refused to issue** the Visa and said they would **send it back to USCIS for further action**.

13. There were difficulties getting the case back to the United States and the Notice of Intent to Revoke ("NOIR") to Plaintiff – Wife – Anuch. Finally a NOIR dated 20-Oct-2021 was received by Anuch.

14. The process of getting government permission for a spouse to immigrate to the United States involves United States Department of Citizenship and Immigration Services and the US Department of state both acting together. A visa cannot be issued to a foreigner in a foreign country without the action of the Department of State and and only USCIS has the authority to Approve a Visa Petition filed by a US person. An Immigrant Visa may only be approved, denied or revoked by USCIS.

15. The NOIR response was timely filed under the terms applicable to NOIR responses set forth in the USCIS Flexibility Announcement then in effect.

16. The NOIR response was timely delivered to the directed response address and delivered on 21-January-2022 by Federal Express, during the morning hours.

17. **Nearly a year has passed without any response from USCIS, apart from their acknowledging their receipt of the response to their NOIR**.

### Count I – Administrative Procedures Act

18. As paragraph 18, the Plaintiffs repeat and re-allege all of the allegations of paragraphs 1 through 17 and incorporate them by reference as if here set forth in full.

19. The Defendants, government agencies governed by the Administrative Procedures Act, 5 U.S.C. §701 *et seq* have unreasonably delayed and withheld action on the Plaintiffs' matter pending before the Defendants.

20. The provisions of 5 U.S.C. §706(1) authorize this Court to compel federal agencies to act upon matters where agency action has been unreasonably delayed or unlawfully withheld.

### Count II – Mandamus

21. As paragraph 21, the Plaintiffs repeat and re-allege all of the allegations of paragraphs 1 through 20 and incorporate them by reference as if here set forth in full.

22. The provisions of 28 U.S.C. §1361 empower this Court to mandamus writs to compel an officer or employee of the United States, or any agency thereof to perform a duty owed to the Plaintiffs.

COMPLAINT

23. While the Plaintiffs do not have a right to a particular outcome or decision, the Defendants owe to the Plaintiffs a duty to adjudicate their petition according to the laws and regulations governing such petitions. The Defendants owe a duty to the Plaintiffs to adjudicate their petitions and issue visas in accordance with the laws and regulations governing such matters, which duty the Defendants have breached by failing to take any action required by the regulations.

### VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court grant as relief:

(a) Order the USCIS to commence a review of the rebuttal evidence and materials submitted in support of reaffirmation of USCIS' approval of the visa petition and

(b) Should the USCIS conclude that the totality of the evidence available is not sufficient to reaffirm their approval of 10-Sep-2019, allow the Plaintiffs to supplement their response to address any other derogatory evicence gathered by the government since the original submissions.

(c) Should the USCIS affirm the 15-Nov-2018 approval, order the Department of State to promptly reinterview Mr. Seang and act on the visa issuance forthwith.

(d) Order the defendants to reimburse the Plaintiffs the costs incurred because of the Defendants' delay.

(e) Award the Plaintiffs their actual damages incurred by the actions and inactions of the defendants including the costs of repeated medical examinations and repeated production of police clearances

(f) Award the Plaintiffs their reasonable costs and attorney's fees incurred in the prosecution of this action under the Equal Access to Justice Act.

(g) Grant the Plaintiffs such other relief at law and in equity as justice may require; and

The Plaintiffs
By their Attorney

/s/ Thomas Stylianos, Jr.  
(appearing *pro hac vice*)  
Thomas Stylianos, Jr., MA Bar 565941  
Law Office of Thomas Stylianos  
287 Appleton Street # 205  
Lowell MA 01852  
Tel: 978-459-5000, Fax: 978-459-3079  
Email: tom@stylianoslaw.com  

/a/ Arthur Minas  
(local Counsel)  
Arthur Minas, CA Bar 290517  
Weisz Immigration Law Group  
510 W. 6th Street, Suite 200  
Los Angeles CA 90014  
Tel: 213-347-0025, Fax: 213-623-2899  
Email: arthur@wilawgroup.com  

Dated: 15-Jan-2023